```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| BRION EDWARD GARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:16-cv-2850-JDT-tmp |
| JOSEPH WARREN; RANDY FORD; ) | |
| NIKKI GONZALES; and ) | |
| SNYDER POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

On October 27, 2016, *pro se* plaintiff Brion Edward Garrett filed a complaint under 42 U.S.C. § 1983 against Joseph Warren, Randy Ford, Nikki Gonzales, and the police department of the City of Snyder, Texas. (ECF No. 1.) Garret also filed a *pro se* motion to proceed *in forma pauperis* on the same day, which the court has granted. (ECF Nos. 2, 7.) According to the complaint, Warren, Ford, and Gonzales are police officers for the Snyder Police Department. Garrett's complaint alleges federal civil rights violations as well as false imprisonment, harassment, and malicious prosecution related to several arrests by and other related interactions with the Snyder Police Department between August 2015 and June 2016. For the reasons described below, the undersigned magistrate judge recommends that this case be transferred to the United States District

Court for the Northern District of Texas in the interest of justice, pursuant to 28 U.S.C. § 1406(a).

In the absence of a restrictive venue provision, 28 U.S.C. § 1391 controls a plaintiff's choice of venue in civil cases. Section 1391(b) provides that:

A civil action may be brought in-

   (1) A judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;

   (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

   (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matter.

§ 1391(b)(1)-(3).

Congress has enacted several statutory provisions authorizing federal district courts to transfer cases to a different venue. 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Under 28 U.S.C. § 1406(a), "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." Although §§ 1404(a) and 1406(a) contain similar language, they serve distinct functions. Section 1404(a) applies where the plaintiff brings suit in a permissible but inconvenient venue, while § 1406(a) applies when the plaintiff's chosen venue is improper. See Martin v. Stokes, 623 F.2d 469, 474 (6th Cir. 1980). The purpose of § 1406(a) is "avoiding the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn" and "removing whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962).

Based on the facts alleged in Garrett's complaint, the Western District of Tennessee is not a proper venue for this case. Indeed, the complaint does not allege any facts indicating that venue lies in this district under § 1391(b). In order for venue to be proper in the Western District of Tennessee under § 1391(b)(1), all of the defendants would need to be residents of the State of Tennessee, with at least one defendant residing within the Western District. The named defendants in this case are the police department of Snyder, Texas and three of its officers. There is no allegation or hint

in the complaint that any, let alone all, of the defendants reside in Tennessee.

As to § 1391(b)(2), all of the alleged events which give rise to Garrett's claims are alleged to have occurred in Snyder, Texas. Garrett appears to have moved to Memphis, Tennessee after the events described in the complaint. While it is understandable that Garrett would like to bring his suit where he currently resides, this consideration does not make the Western District of Tennessee a proper venue for this case when none of the relevant events have any connection whatsoever to this district.[1]

Although the Western District of Tennessee is not a proper venue for this case, Garrett could have brought the case in the United States District Court for the Northern District of Texas.[2] See § 1391(b)(2). The undersigned therefore recommends that, in the interest of justice, the Clerk be ordered to transfer this case to the Northern District of Texas pursuant to § 1406(a) and that this case be closed without entry of judgment.[3]

---

[1] Because there is at least one district where this case may otherwise be brought pursuant to § 1391(b)(1) and (2), § 1391(b)(3) is not applicable.

[2] The City of Snyder is located in the Lubbock Division of the Northern District of Texas. See http://www.txnd.uscourts.gov/city-data/lubbock-division.

[3] Section 1406(a) empowers federal district courts to transfer a case from an improper forum to a proper forum regardless of

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

November 2, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**

---

whether the district court could exercise personal jurisdiction over the defendants. Taylor v. Love, 415 F.2d 1118, 1119-20 (6th Cir. 1969) (citing Goldlawr, 369 U.S. at 465).